**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| PACID TECHNOLOGIES, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 6:19-cv-154 |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| GEMALTO, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORIGINAL COMPLAINT

Plaintiff PACid Technologies, LLC ("Plaintiff" or "PACid"), by and through its attorneys, for its Original Complaint against Gemalto, Inc. ("Defendant" or "Gemalto"), and demanding trial by jury, hereby alleges as follows:

### I.      NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe PACid's United States patents, as described herein.

2.      Gemalto manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing products and services; and encourages others to use its products and services in an infringing manner, including its direct customers and end users, as set forth herein.

3.      PACid seeks past and future damages and prejudgment and post judgment interest for Gemalto's past infringement of the Patents-in-Suit, as defined below.

### II.      PARTIES

4.      Plaintiff PACid is a limited liability company organized and existing under the laws

of the State of Texas.

5.      Upon information and belief, Gemalto is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 6, rue de la Verrerie - CS20001, 92197 Meudon Cedex, France and is authorized to do business in Texas. Gemalto may be served by serving its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. On information and belief, Gemalto designs, manufactures, and provides to the U.S. and world markets a wide range of digital security products, including software applications, secure personal devices, and managed services.

6.      Upon information and belief, Gemalto maintains a regular and established place of business in this District at 9442 Capital of Texas Highway North, Suite 400, Austin, TX, 78759 Austin, Texas.  Further, on information and belief, Gemalto employs a wide variety of engineers and other technical personnel at its Austin office.

### III.      JURISDICTION AND VENUE

7.      This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

8.      This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9.      On information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant has a regular and established place of business in this district, transacted business in this District, and has committed and/or induced acts of patent infringement in this district.

10.     On information and belief, Defendant Gemalto is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements

alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

### IV.   FACTUAL ALLEGATIONS

#### PATENTS-IN-SUIT

11.     PACid is the owner of all right, title and interest in and to U.S. Patent No. 9,577,993 (the "'993 Patent"), entitled "System and Method for Authenticating Users," issued on February 21, 2017.

12.     PACid is the owner of all right, title and interest in and to U.S. Patent No. 9,876,771 (the "'771 patent"), entitled "System and Method for Authenticating Users," issued on January 23, 2018.

13.     PACid is the owner of all right, title and interest in and to U.S. Patent No. 10,044,689 (the "'689 patent"), entitled "System and Method for Authenticating Users," issued on August 7, 2018.

14.     PACid is the owner of all right, title and interest in and to U.S. Patent No. 10,171,433 (the "'433 patent"), entitled "System and Method for Authenticating Users," issued on January 1, 2019.

15.     Together, the foregoing patents are referred to herein as the "Patents-in-Suit." PACid is the assignee of the Patents-in-Suit, and has all rights to sue for infringement and collect past and future damages for the infringement thereof.

16.     The claims of the Patents-in-Suit are directed to systems and methods that were not well-understood, routine, or conventional at the time of the application for the Patents-in-Suit. The various claims of the Patents-in-Suit describe inventive features and combinations of features that improved upon prior art systems and methods for secure communication amongst members of a

group and the authentication of members of that group. Some of the improvements provided by the claimed inventions include: (1) the ability to authenticate a member of the group without the need for the user to input a conventional userID and password when the user requests access; (2) increased protection for users of the claimed inventions from malicious actors that may attempt to create and exploit additional entry points into a confidential computer system; and (3) enhanced security of secrets files due to their indistinguishability from other decoy files. The claim language of the Patents-in-Suit and their accompanying specifications and prosecution histories evidence these improvements.

17.     All claims of the Patents-in-Suit include specific claim limitations directed to unconventional and special purpose components.  For example, the independent claims of the Patents-in-Suit all claim a special purpose software component, specifically a security "application" running on a computing device, that plays an integral role in achieving the goals of the inventions and the corresponding improvements over the prior art. The unconventional nature of the claimed application is apparent when the claims are read in light of the specification of the Patents-in-Suit. For example, in claim 1 of the '993 patent, the "application" is specifically configured to receive a unique user input, generate a secret based on the unique user input, and store the secret at the computing device with an identifier and in a directory so as to be retrievable when the unique user input is applied to the computing device. The claimed systems' and methods' use of the claimed application alone, or in combination with the other elements of claim 1 of the '993 patent and other claims of the Patents-in-Suit, signals the technical and innovative nature of the inventions embodied in the various claims of the Patents-in-Suit.

DEFENDANT'S ACTS

18.     Gemalto is a leading provider of security software and authentication solutions.  Its authentication solutions and authentication engines provide for the generation of a secret using

biometrics such as fingerprints, which secret is used for authentication (e.g., logging a user into an application or website and/or approval of financial transactions on behalf of a user).

19.     More specifically, Gemalto provides software and hardware that enable compliance with the authentication protocol adopted by the FIDO (Fast IDentity Online) Alliance, employing the FIDO Universal Authentication Framework (UAF).



https://fidoalliance.org/about/what-is-fido/.



https://www.gemalto.com/financial/ebanking/sdk/mobile-protector.

20.     Gemalto's end users securely and privately communicate between their mobile device and FIDO servers—including Gemalto's Confirm Authentication Server—for authentication and/or payment authorization. The FIDO-ready software on the end users' mobile devices, that was developed from Gemalto's Mobile Protector software development kit, and the mobile devices' biometric sensors, that are configured to interface with the FIDO-ready software, facilitate this secure communication between the end user and the FIDO servers.



https://www.gemalto.com/brochures-site/download-site/Documents/eba_ezio_on_mobile.pdf



https://www.gemalto.com/financial/ebanking/ezio-server

21.     As a consequence and benefit of FIDO authentication, a Gemalto end user device's biometric functionality means is leveraged so that Gemalto's end users no longer need to remember numerous passwords or login details when authenticating to online services and/or shopping online with their mobile device. Gemalto's compliance with and support of FIDO embodied in its Gemalto Mobile Protector software development kit and Confirm Authentication Server is designed to improve the security of its customers and end users.

22.     Customers and end users of Gemalto's Mobile Protector and Confirm Authentication Server, for example, have benefited and continue to benefit from a more secure and more seamless mobile transactions experience as a consequence of Gemalto's implementation of FIDO.

23.     With Gemalto Mobile Protector, a user's biometric template (including, but not necessarily limited to, fingerprint scan, eye scan, and/or face scan) is encrypted and secured. Gemalto Mobile Protector and Confirm Authentication Server rely on standardized FIDO technology to ensure valid authentications and provide a simple and secure biometric authentication framework on behalf of a multitude of online services, including but not limited to electronic banking.

24.     Defendant has had knowledge of the Patents-in-Suit at least as early as the service of Plaintiff's Original Complaint.  With knowledge of the Patents-in-Suit, Defendant intentionally provides services and instructions for the creation, installation, and infringing operation of infringing products (including, by way of example, the resources and materials available on its website to the customers and end users of its products, who directly infringe through the operation of those products.  Gemalto further instructs its customers and end users in the proper utilization

and operation of its software, hardware, and solutions in accordance with Defendant's implementation of FIDO UAF, including through its training and instruction manuals for its infringing products).

26.    On information of belief, Defendant Gemalto also implements contractual protections in the form of license and use restrictions with its customers to preclude the unauthorized reproduction, distribution, and modification of its software and hardware.

26.    Moreover, on information and belief, Defendant Gemalto implements technical precautions to attempt to thwart customers who would circumvent the intended operation of Gemalto's products, including its infringing products.

## V.    COUNTS OF PATENT INFRINGEMENT

### COUNT ONE
### INFRINGEMENT OF U.S. PATENT NO. 9,577,993

27.    PACid incorporates by reference its allegations in Paragraphs 1-26 as if fully restated in this paragraph.

28.    PACid is the assignee and owner of all right, title and interest to the '993 Patent. PACid has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

29.    On information and belief, Defendant Gemalto, without authorization or license from PACid, has been and is presently directly infringing at least claim 1 of the '993 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale articles and methods infringing one or more claims of the '993 Patent.  Defendant Gemalto is thus liable for direct infringement of the '993 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include Gemalto Mobile Protector.

30.    On information and belief, at least since the filing of the Original Complaint,

Defendant Gemalto, without authorization or license from PACid, has been and is presently indirectly infringing at least claim 22 of the '993 Patent, including actively inducing infringement of the '993 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing its customers and its end users to use infringing articles and methods that Gemalto knows or should know infringe one or more claims of the '993 Patent.  Gemalto instructs its customers and end users to make and use the patented inventions of the '993 Patent by designing, programming, configuring, testing, installing, and operating Gemalto's products in accordance with Gemalto's specifications.  Gemalto specifically intends its customers and end users to infringe by implementing its accused products in accordance with the FIDO UAF and establishing an authentication framework and architecture that utilizes a unique user input and corresponding secret to authenticate a user.  Gemalto further implements technical precautions to prevent end users from modifying its products' authentication framework.

31.    As a result of Gemalto's infringement of the '993 Patent, PACid has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

COUNT TWO
INFRINGEMENT OF U.S. PATENT NO. 9,876,771

32.    PACid incorporates by reference its allegations in Paragraphs 1-31 as if fully restated in this paragraph.

33.    PACid is the assignee and owner of all right, title and interest to the '771 Patent. PACid has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

34.    On information and belief, Defendant Gemalto, without authorization or license

from PACid, has been and is presently directly infringing at least claim 1 of the '771 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale articles and methods infringing one or more claims of the '771 Patent.  Defendant Gemalto is thus liable for direct infringement of the '771 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include Gemalto Mobile Protector.

35.     On information and belief, at least since the filing of the Original Complaint, Defendant Gemalto, without authorization or license from PACid, has been and is presently indirectly infringing at least claim 1 of the '771 Patent, including actively inducing infringement of the '771 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing its customers and end users to use infringing articles and methods that Gemalto knows or should know infringe one or more claims of the '771 Patent.  Gemalto instructs its customers and end users to make and use the patented inventions of the '771 Patent by designing, programming, configuring, testing, installing, and operating Gemalto's products in accordance with Gemalto's specifications.  Gemalto specifically intends its customers and end users to infringe by implementing its accused products in accordance with the FIDO UAF and establishing an authentication framework and architecture that utilizes a unique user input and corresponding secret to authenticate a user. Gemalto further implements technical precautions to prevent end users from modifying its products' authentication framework.

36.     As a result of Gemalto's infringement of the '771 Patent, PACid has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

COUNT THREE
INFRINGEMENT OF U.S. PATENT NO. 10,044,689

37.     PACid incorporates by reference its allegations in Paragraphs 1-36 as if fully restated in this paragraph.

38.     PACid is the assignee and owner of all right, title and interest to the '689 Patent. PACid has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

39.     On information and belief, Defendant Gemalto, without authorization or license from PACid, has been and is presently directly infringing at least claim 1 of the '689 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale articles and methods infringing one or more claims of the '689 Patent.  Defendant Gemalto is thus liable for direct infringement of the '689 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include Gemalto Mobile Protector.

40.     On information and belief, at least since the filing of the Original Complaint, Defendant Gemalto, without authorization or license from PACid, has been and is presently indirectly infringing at least claim 9 of the '689 Patent, including actively inducing infringement of the '689 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing its customers and end users to use infringing articles and methods that Gemalto knows or should know infringe one or more claims of the '689 Patent.  Gemalto instructs its customers and end users to make and use the patented inventions of the '689 Patent by designing, programming, configuring, testing, installing, and operating Gemalto's products in accordance with Gemalto's specifications.  Gemalto specifically intends its customers and end users to infringe by implementing its accused products in accordance with the FIDO UAF and establishing an authentication framework and architecture

that utilizes a unique user input and corresponding secret to authenticate a user. Gemalto further implements technical precautions to prevent end users from modifying its products' authentication framework.

41.    As a result of Gemalto's infringement of the '689 Patent, PACid has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

COUNT FOUR
INFRINGEMENT OF U.S. PATENT NO. 10,171,433

42.    PACid incorporates by reference its allegations in Paragraphs 1-41 as if fully restated in this paragraph.

43.    PACid is the assignee and owner of all right, title and interest to the '433 Patent. PACid has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

44.    On information and belief, Defendant Gemalto, without authorization or license from PACid, has been and is presently directly infringing at least claim 1 of the '433 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale articles and methods infringing one or more claims of the '433 Patent.  Defendant Gemalto is thus liable for direct infringement of the '433 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include Gemalto Mobile Protector and Confirm Authentication Server.

45.    On information and belief, at least since the filing of the Original Complaint, Defendant Gemalto, without authorization or license from PACid, has been and is presently indirectly infringing at least claim 15 of the '433 Patent, including actively inducing infringement of the '433 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with

specific intent to encourage the infringement, knowingly inducing its customers and end users to use infringing articles and methods that Gemalto knows or should know infringe one or more claims of the '433 Patent.  Gemalto instructs its customers and end users to make and use the patented inventions of the '433 Patent by designing, programming, configuring, testing, installing, and operating Gemalto's products in accordance with Gemalto's specifications.   Gemalto specifically intends its customers and end users to infringe by implementing its accused products in accordance with the FIDO UAF and establishing an authentication framework and architecture that utilizes a unique user input and corresponding secret to authenticate a user. Gemalto further implements technical precautions to prevent end users from modifying its products' authentication framework.

46.     As a result of Gemalto's infringement of the '433 Patent, PACid has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

## VI.     WILLFUL INFRINGEMENT

47.     Plaintiff alleges upon information and belief that at least upon receipt of Plaintiff's Original Complaint, Defendant and/or its closely-related affiliates have been made aware of the Patents-in-Suit. Notwithstanding this knowledge, Gemalto has knowingly or with reckless disregard willfully infringed one or more of the Patents-in-Suit in a deliberate act of bad-faith. Gemalto has thus had actual notice of infringement of one or more of the Patents-in-Suit and acted despite an objectively high likelihood that its actions constituted infringement of Plaintiff's valid patent rights.

48.     This objective risk was either known or so obvious that it should have been known to Defendant Gemalto.  Accordingly, Plaintiff seeks enhanced damages pursuant to 35 U.S.C. § 284.

## VII.   JURY DEMAND

49.     Plaintiff PACid demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, PACid prays for judgment and seeks relief against Defendant as follows:

A.     That the Court determine that one or more claims of the Patents-in-Suit is infringed by Defendant Gemalto, either literally or under the doctrine of equivalents;

B.     That the Court award damages adequate to compensate PACid for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

C.     That the Court permanently enjoin Defendant pursuant to 35 U.S.C. § 283;

D.     That the Court award enhanced damages pursuant to 35 U.S.C. §284; and

E.     That the Court award such other relief to PACid as the Court deems just and proper.

DATED: February 14, 2019

Respectfully submitted,

*/s/  Andrew G. DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Christopher V. Goodpastor
Texas State Bar No. 00791991
cgoodpastor@dinovoprice.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dinovoprice.com
**DINOVO PRICE LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627

***Counsel for Plaintiff PACid
Technologies, LLC***